IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SOLOMON BROADUS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIV-09-676-F |
| | ) | |
| JUSTIN JONES, Director, et al., | ) | |
| | ) | |
| Respondents. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2254.  The matter was referred to the undersigned Magistrate Judge by United States District Judge Friot on June 26, 2009, for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B).  The undersigned finds:

(l)   That the Petitioner is presently a prisoner in the custody of the Lawton Correctional Facility, Lawton, Comanche County, Oklahoma, which is located within the territorial jurisdiction of the Western District of Oklahoma.  28 U.S.C. §116(c).

(2) That the Petitioner demands his release from such custody and as grounds therefore alleges he is being deprived of his liberty in violation of his rights under the Constitution of the United States.

(3) That the court which imposed upon Petitioner the judgment of conviction and sentence under attack was the District Court of Tulsa County, Oklahoma, which is located within the territorial jurisdiction of the Northern District of Oklahoma. 28 U.S.C. §116(a).

(4) The Northern District of Oklahoma, as the place of conviction, and the Western District of Oklahoma, as the place of custody, have concurrent jurisdiction to entertain the application for writ of habeas corpus. 28 U.S.C. §224l(d).

It is a long-standing policy of this Court, see <u>Gloria Curls v. Mary Livers</u>, Case No. CIV-89-1310 (W.D.Okla. 1989) (Opinion and Order), that justice would be better served by the adjudication of habeas petitions in the district court where the conviction was entered because this is the district where the trial was conducted, trial court officials and records are located, where trial counsel for the prosecution and the petitioner are ostensibly available, and potential witnesses usually reside. These factors are particularly germane to the instant matter considering the issues raised in the Petition.

This Court, in its discretion and the furtherance of justice, may transfer this application to the United States District Court for the Northern District of Oklahoma, the district where the conviction and sentence under attack occurred. 28 U.S.C. §2241(d). Balancing the convenience of the two forums and in the interests of justice, the federal court

in the Northern District of Oklahoma is the appropriate court to determine the merits of the Petition.

## RECOMMENDATION

Accordingly, it is recommended that this Petition for a Writ of Habeas Corpus be transferred to the United States District Court for the Northern District of Oklahoma for determination. The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before __July 20__, 2009, in accordance with 28 U.S.C. §636 and LCvR 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __29th__ day of __June__, 2009.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE