**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SOLOMON BROADUS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JUSTIN JONES, Director; )<br>ATTORNEY GENERAL OF THE )<br>STATE OF OKLAHOMA, )<br>)<br>Respondents. ) | Case No. 09-CV-0482-CVE-TLW |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. In response to the petition, Respondent filed a motion to dismiss for failure to file within the limitations period (Dkt. # 14). Petitioner has not filed a response to the motion. Respondent's argument for dismissal is premised on the allegation that Petitioner, a state inmate appearing *pro se*, failed to file his petition for writ of habeas corpus within the one-year limitations period prescribed by 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). For the reasons discussed below, the Court finds that Respondent's motion to dismiss should be granted and the petition dismissed with prejudice as untimely filed.

### *BACKGROUND*

Petitioner was convicted by a jury of Possession of a Controlled Drug With Intent to Distribute (Count I), and Maintaining a Dwelling Where Controlled Drugs are Kept (Count II), in Tulsa County District Court, Case No. CRF-86-4402; and of Unlawful Delivery of a Controlled Drug, in Tulsa County District Court, Case No. CRF-86-4404, all after former conviction of two or more felonies. He was sentenced to 260 years, 154 years, and 240 years imprisonment, respectively, to be served consecutively.

Petitioner filed a timely direct appeal. By summary opinion filed April 27, 1993, in Case No. F-1987-853, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgments and sentences of the trial court. See Dkt. # 15, Ex. 1. Nothing in the record indicates Petitioner sought *certiorari* review in the United States Supreme Court.

In the brief in support of the motion to dismiss (Dkt. # 15), Respondent avers that Petitioner filed the first of three post-conviction applications on March 25, 1997.[1] The state district court denied relief and Petitioner appealed. By order filed July 7, 1997, in Case No. PC-1997-864, the OCCA affirmed the denial of post-conviction relief. See www.oscn.net.

According to Respondent, Petitioner filed his second application for post-conviction relief on April 23, 2002. See Dkt. # 15. That application appears to have been denied sometime in 1993 and there appears to have been no post-conviction appeal. Respondent also indicates that Petitioner filed a third application for post-conviction relief.[2] Based on appellate court docket entries, see www.oscn.net, the state district court denied post-conviction relief on May 8, 2008. Petitioner appealed and by order filed July 2, 2008, in Case No. PC-2008-496, the OCCA affirmed the denial of post-conviction relief.

Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1) along with a supporting brief (Dkt. # 3) on June 25, 2009.

---

[1]Neither Respondent nor Petitioner provided any record for the post-conviction proceedings. However, Petitioner did not respond or otherwise object to the motion to dismiss and has not contested the accuracy of the dates provided by Respondent. Therefore, the Court accepts the dates provided by Respondent as accurate.

[2]Petitioner states he filed an application for post-conviction relief on November 30, 2007. See Dkt. # 1.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because the limitations period generally begins to run from the date on which a prisoner's direct appeal from his conviction became final, a literal application of the AEDPA limitations language would result in the preclusion of habeas corpus relief for any prisoner whose conviction became final more than one year before enactment of the AEDPA. Recognizing the retroactivity problems associated with that result, the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitation did not begin to run until April 24, 1996. United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997). In other words, prisoners whose convictions became final before April 24, 1996, the date

3

of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief.

In addition, the tolling provision of 28 U.S.C. § 2244(d)(2) applies in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during the pendency of state post-conviction proceedings properly filed during the grace period.

Application of those principles to the instant case leads to the conclusion that this habeas petition is barred by the one-year limitations period. Petitioner's convictions became final on or about July 26, 1993, after the 90 day time period for filing a petition for writ of *certiorari* in the United States Supreme Court had lapsed. See Caspari v. Bohlen, 510 U.S. 383, 390 (1994); Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999) (conviction becomes final for purposes of § 2244(d)(1)(A) after Supreme Court denies *certiorari* or after expiration of the 90 day time period allowed for filing a petition for writ of *certiorari*). Therefore, his convictions became final before enactment of the AEDPA and, as a result, his limitations clock began to run on April 24, 1996, when the AEDPA went into effect. Petitioner had one year, or until April 24, 1997, to file his petition for writ of habeas corpus.

Because Petitioner filed his first application for post-conviction relief on March 25, 1997, or thirty (30) days before expiration of the grace period, the limitations period was tolled during the pendency of Petitioner's first application for post-conviction relief. 28 U.S.C. § 2244(d)(2). Once the OCCA affirmed the denial of post-conviction relief, Petitioner had to file his habeas petition within thirty (30) days, the time remaining in his one-year period. The OCCA affirmed the denial of post-conviction relief, in Case No. PC-1997-864, on July 7, 1997. Therefore, Petitioner's

deadline for filing a timely federal habeas corpus petition was thirty (30) days after July 7, 1997, or August 6, 1997.

Although Petitioner filed two (2) more applications for post-conviction relief, those subsequent applications were filed several years after expiration of the limitations period. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, unless Petitioner demonstrates that he is entitled to other statutory or equitable tolling of the limitations period, his petition filed June 25, 2009, is clearly untimely.

As noted above, Petitioner did not file a response to Respondent's motion to dismiss and has not otherwise demonstrated that he is entitled to other statutory or equitable tolling of the limitations period. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)). A claim of actual innocence may warrant equitable tolling, see Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000), although the applicant must also show that he "diligently pursue[d] his federal habeas claims," id. To establish "actual innocence," an applicant

5

must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995), and demonstrate that "more likely than not, no reasonable juror would have convicted him in the light of the new evidence," id. at 327. Such new evidence must "affirmatively demonstrate[ ] his innocence," not simply "undermine the finding of guilt against him." Phillips v. Ferguson, 182 F.3d 769, 774 (10th Cir. 1999) (internal quotation marks omitted).

Nothing in the record before the Court suggests a basis for equitable tolling of the limitations period. Although Petitioner asserts that he is actually innocent of the crimes of which he was convicted, he has failed to demonstrate that he pursued his federal claims diligently. More than sixteen years passed between the OCCA's decision affirming Petitioner's convictions on direct appeal and the filing of this federal habeas corpus action. Although Petitioner sought post-conviction relief in the state courts during that time period, he offers no explanation for the significant time gaps between each filing. The Court concludes that Petitioner is not entitled to equitable tolling of the one-year limitations period. Because the limitations period should not be equitably tolled, the Court concludes that the petition, filed June 25, 2009, or almost twelve (12) years after expiration of the limitations period, is untimely. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss for failure to file within the limitations period (Dkt. # 14) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the statute of limitations.

3. A separate Judgment shall be entered in this matter.

**DATED** this 17th day of December, 2009.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT